**HARTLEY, Plaintiff-Appellant, v. TIGNER et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4768.   Decided March 2, 1953.

Charles O. Weilbacher, Columbus, for plaintiff-appellant.
Bricker, Marburger, Evatt & Barton, Robert L. Barton, of
Counsel, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common
Pleas Court rendered in favor of the defendants-appellees.
The petition, after setting forth the operative facts, sought
a decree setting aside and declaring null and void the war-
ranty deed from John Tigner to Samuel G. Thorne, one of
the defendants; that the premises be impressed with the trust
and that a receiver be appointed and for such further relief
as may be proper. The appeal is noted as being on law and
fact, but during the hearing it was developed that no appeal
bond had been given which precluded such an appeal, so
appellant elected to proceed on questions of law only.

The first error assigned is that the court erred in refusing
to appoint a receiver for the property. In view of the finding
of the court in favor of the defendants, if correct, this could
not have been prejudicial error even though a favorable
showing had been made at the time. We therefore find that
this assignment is not well made.

It is next urged that the court erred in dismissing the
petition and rendering judgment in favor of the defendants.
The judgment entry does not recite the ground upon which
the Court based its judgment; hence the same must be sus-
tained if the record contains sufficient evidence when viewed
in its most favorable light towards the defendants. It was
incumbent upon the trial court to weigh the evidence and
in so doing it found that the plaintiff had failed to sustain
his claim by clear and convincing evidence, the court saying
at page 130:

"THE COURT: Well, the Court will at this time dispose of
this case, feeling that the facts are very fresh in the Court's

mind at this time and the decision at this time should be made without further delay.

"Now, the Court of course must weigh the evidence in this case, and the Court is mindful of the rule in an equity case that the evidence offered by the plaintiff to sustain his claim made against the defendant must be clear and convincing and conclusive. The weight of the evidence in this case in my opinion, and under the rule is more convincing on behalf of the defendant, Samuel G. Thorne, than it is on behalf of the plaintiff, Forrest I. Hartley, and that being the case it becomes a very simple problem for the Court to decide that on the issues joined on the pleadings, the evidence and the law, the Court finds for the defendant Thorne and against the plaintiff Hartley. The petition of the plaintiff Hartley may be dismissed and the defendant Thorne may recover his costs."

The record reveals that there was a conflict in the testimony which was resolved in favor of the defendants by the trial court. It therefore cannot be said that the judgment is against the manifest weight of the evidence.

It is next urged by the appellant that the consideration for the deed which is sought to be cancelled was an antecedent debt which is not value within the meaning of the doctrine of bona fide purchaser and therefore the defendant took the same subject to any equities the plaintiff might have. The law on this question appears to have been somewhat in a nebulous state until the recent case of **Dietsch v. Long**, 72 **Oh Ap** 349. We quote the following from the opinion of Judge Guernsey found on page 369:

"We come then to the question of whether the consideration passing from plaintiff to his grantor Roller C. McAnelly for such purchase constituted a valuable consideration, the consideration for such purchase being, as heretofore found, the satisfaction and discharge of a judgment debt owing by the grantor to the grantee.

"In 2 Pomeroy's Equity Jurisprudence (4 Ed.), 1534. Section 749, the following statement, applicable to this question, appears: 'Whether the complete satisfaction or discharge or the definite forbearance of an antecedent debt, without the surrender or cancellation of any written security by the creditor, will be a valuable consideration is a question to which the courts of different states have given conflicting answers; but the affirmative seems to be supported by the numerical weight of authority.'

"Finding no Ohio cases reflecting upon this question and being of the opinion that the reasons upon which it is based

are sound, we approve the rule established by the numerical weight of authority to the effect that the satisfaction or discharge of an antecedent debt without the surrender or cancellation of any written securities by the creditor constitutes a valuable consideration for the conveyance of real estate, and therefore hold that the consideration passing from plaintiff to his grantor constituted a valuable consideration."

The appellant urges, however, that the burden of proof was upon the defendants to prove the antecedent debt which was not done by the proper degree of proof. As stated previously, this being a law appeal, this Court cannot weigh the evidence this being the sole function of the trial court. We are therefore of the opinion the Court did not err in finding the defendant to be a bona fide purchaser for a valuable consideration.

It should also be noted that the antecedent debt was not the sole consideration for the deed. The record reveals that Samuel G. Thorne also agreed to assume and pay the mortgage of approximately $2700.00 on the property; that he further agreed to allow John Tigner to live in the premises without the payment of rent as long as he desired to do so.

The last error assigned relates to the striking from the record the following testimony which is that of the plaintiff:

"A. Well, I went down to 910 West Rich to my Aunt's, that is Philena Tigner's, and I says, 'Aunt Helen—' that is what we called her—'What is the matter with John?' She says, 'Well, I don't know what is the matter with him any more than he got a few drinks and Samuel G. was down here and John showed him those papers and I guess he put ideas in his head.' "

The record reveals that Philena Tigner is deceased and appellant urges that the declaration is admissible under the exception to the hearsay rule found in **17 O. Jur. Section 260, page 329**. It is here stated that one of the exceptions to the hearsay rule admits declarations of deceased persons under certain circumstances, to wit:

"Statements of a deceased third party who had no connection whatever, so far as privity is concerned, with either of the parties to the proceeding, may be admitted in two cases: First, where the matter stated occurred in the ordinary course of declarant's business or professional duty at or near the time when the statements were made, to his own knowledge; and second, * * *."

It will be noted that this exception is applicable when the deceased person was not in privity with either of the parties, but the record discloses that Philena Tigner was in privity

with John Tigner, a party to this proceeding and therefore we are of the opinion the Court did not err in striking this statement from the record.

Finding none of the errors assigned well made the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.